IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>STACI JO CAMPBELL,<br><br>*Defendant.* | Case No. 17-10165-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Staci Jo Campbell's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 93). She seeks early release from prison due to the possibility of contracting COVID-19 in prison. The government opposes Defendant's motion. Because there is no evidence that Defendant first exhausted her administrative remedies, the Court dismisses Defendant's motion without prejudice to refiling.

### I.   Factual and Procedural Background

On July 2, 2018, Defendant pleaded guilty to receipt and possession of stolen mail, in violation of 18 U.S.C. § 1708. On September 19, 2018, she was sentenced to a three-year term of probation. Defendant violated the conditions of her probation, and on August 19, 2021, an arrest warrant was issued for Defendant. Defendant was arrested on March 11, 2022. On April 25, 2022, Defendant was placed in a treatment center. In June 2022, an arrest warrant was again issued for

Defendant's failure to abide by her terms of release. An arrest warrant was executed on October 15, 2022. Ultimately, on December 1, 2022, Defendant's probation was revoked, and she was sentenced to 16 months' imprisonment. Defendant has served approximately six months of her sentence, and her earliest release date is August 28, 2023.

On April 10, 2023, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. She states that her underlying condition of cardiac arrythmia and her past habit of smoking places her at increased risk of death should she contract COVID-19. The government opposes her motion.

## II.   Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file her own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

### III. Analysis

In this case, Defendant does not state that she exhausted her administrative right to appeal the BOP's failure to bring a motion on her behalf or that 30 days have passed since she submitted a request to the warden. In addition, Defendant does not submit any evidence demonstrating that she exhausted her administrative remedies. The government invokes the mandatory claim-processing rule, and thus the Court finds that Defendant did not exhaust her administrative remedies. Accordingly, the Court must dismiss Defendant's motion without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 93) is **DISMISSED** without prejudice to refiling.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE